CASE 44—APPLICATION FOR TAVERN LICENSE—JANUARY 25.

# Hoglan vs. Commonwealth

### APPEAL FROM BULLITT CIRCUIT COURT.

1. Though the discretion conferred by law on the county courts to grant or refuse license to sell spirituous liquors, &c., is broad, it should not be exercised in an arbitrary and unlimited manner; and when such an exercise of power is manifested, the Court of Appeals will interpose.

2. If the evidence fails to show that there is a necessity for the grant, or that travelers will be put to inconvenience, by the refusal of the county court, to grant the privilege of selling spirituous liquors, &c, the court of appeals will not determine that such refusal was an abuse of the discretion conferred by law upon county courts.

R. H. FIELD,                                    For Appellant,
                    CITED—
2 *Duvall*, 547; *Nepp vs. Commonwealth.*

JOHN RODMAN, Attorney General,               For Appellee,
                    CITED—
*Act of January* 25, 1867.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This anomalous record, containing a statement of the judge, added at the close of the bill of exceptions, and a transcript of the record from the circuit court, neither of which was pertinent to the question involved, but which seem to be incorporated to show the state of hostility existing between these parties, and the motives which may have influenced the actions of the one or the other, all which this court can neither approve nor consider, presents but one question for judicial determination, and that is, did the court below abuse a judicial discretion, in refusing to license appellant to retail spirituous liquors.

The power to grant license to keep taverns is conferred on the county court; and by an act approved 23d January, 1867 (1 *vol.*, *Acts* 1867, *p.* 10), the privilege to sell spirituous liquors, &c., is not implied or embraced in a license to keep a tavern, unless the judge of the court or board of trustees shall deem it expedient to grant such privilege, and shall specify the same in the license. And by section 2 of said act it is provided, that no court shall grant said privilege unless the judge shall be satisfied that the application is not made to keep a grog-shop, and the privilege is required for the convenience of travelers.

It is shown that in the town of Shepherdsville, when appellant applied for license, there were then two licensed taverns with the privilege of selling liquors; and it does not so clearly appear from the evidence that the privilege to appellant to sell liquor was required for the convenience of travelers, as to authorize this court to conclude that the judge below abused a sound legal discretion in refusing the privilege to appellant.

Though the discretion conferred by law on the county courts is broad, it should not be exercised in an arbitrary and unlimited manner; and when such an exercise of the power is manifested, this court would interpose; but in this case, the evidence fails to show that there was any necessity for the grant, or that travelers were put to any inconvenience from the refusal of the court to grant the privilege to appellant; and as this court cannot inquire into the motives of the county judge by which he was influenced, but must decide the question upon the evidence as presented, and the law applicable thereto, we cannot say that an abuse of the discretion conferred has been made out.

Wherefore, the judgment is affirmed.